UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH PAUL YORK,

Plaintiff,

v.

MATTHEW CATE, et al.,

Defendants.

Case No. 13-cv-00868-JST (PR)

**ORDER OF SERVICE**

Plaintiff, a prisoner at Pelican Bay State Prison ("PBSP"), has filed a pro se complaint under 42 U.S.C. § 1983 alleging that PBSP Warden G.D. Lewis violated his constitutional rights when PBSP placed plaintiff on contraband surveillance watch ("CSW") in February 2011. Among other things, plaintiff alleges that the CSW cell is unsanitary, that he had to eat off of the cell floor, that he was forced to sleep on a dirty mattress without linens or a blanket, that he had to repeatedly urinate and defecate in front of at least two female sergeants, that the plastic pipes placed on his hands restricted his blood flow, and that he was not able to sleep for more than 30 minutes at a time due to continuous intense lighting 24 hours a day. Plaintiff also names as a defendant Matthew Cate, the director of the California Department of Corrections and Rehabilitation ("CDCR").[1]

/ / /

/ / /

---

[1] Plaintiff's motion for leave to proceed in forma pauperis, (Docket No. 2), has been granted in a separate written order.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. See Helling v. McKinney, 509 U.S. 25, 31 (1993). The Amendment imposes duties on prison officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. See Farmer, 511 U.S. at 832; DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 199-200 (1989); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).

A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, and (2) the prison official possesses a sufficiently culpable state of mind. Farmer, 511 U.S. at 834. In prison conditions cases such as this one, the necessary state of mind is one of deliberate indifference. See id. (inmate safety); Estelle v. Gamble, 429 U.S. 97, 104 (1976) (inmate health). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that

risk by failing to take reasonable steps to abate it.  <u>Farmer</u>, 511 U.S. at 837.

Liberally construed, plaintiff's allegations that he was deprived of various basic needs while on CSW state a cognizable § 1983 claim for violation of the Eighth Amendment against PBSP Warden G. D. Lewis and CDCR Director Matthew Cate.[2]

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on the following defendant at CDCR – Matthew Cate – and the following defendant at PBSP – Warden G. D. Lewis.  The Clerk also shall serve a copy of this order on plaintiff.

2. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than **90 days** from the date this order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion.  If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due.  A motion for summary judgment also must be accompanied by a <u>Rand</u> notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion.  <u>Woods v. Carey</u>, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in <u>Rand v. Rowland</u>, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).  A motion to dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a <u>Wyatt</u> notice. <u>Stratton v. Buck</u>, 697 F.3d 1004, 1008 (9th Cir. 2012).

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **28 days** from the date the

---

[2] Plaintiff's invocation of the Fourth and Fourteenth Amendments is without merit.  It is well established that the Fourth Amendment proscription against unreasonable searches does not apply within the confines of a prison cell.  <u>See Hudson v. Palmer</u>, 468 U.S. 517, 525-26 (1984).  And the duration of plaintiff's deprivation is simply too short to amount to a liberty interest deprivation protected by the Fourteenth Amendment.  <u>See Mujahid v. Meyer</u>, 59 F.3d 931, 932 (9th Cir. 1995) (no protected liberty interest when inmate placed in disciplinary segregation for less than 30 days). Plaintiff's claim is limited to the Eighth Amendment proscription against cruel and unusual punishment.

1  motion is filed.  Plaintiff must bear in mind the notice and warning regarding summary judgment

2  provided later in this order as he prepares his opposition to any motion for summary judgment.

3  Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-

4  exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

5          c.       Defendants **shall** file a reply brief no later than **14 days** after the date the

6  opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No

7  hearing will be held on the motion.

8        4.       Plaintiff is advised that a motion for summary judgment under Rule 56 of the

9  Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must

10  do in order to oppose a motion for summary judgment.  Generally, summary judgment must be

11  granted when there is no genuine issue of material fact – that is, if there is no real dispute about

12  any fact that would affect the result of your case, the party who asked for summary judgment is

13  entitled to judgment as a matter of law, which will end your case.  When a party you are suing

14  makes a motion for summary judgment that is properly supported by declarations (or other sworn

15  testimony), you cannot simply rely on what your complaint says.  Instead, you must set out

16  specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,

17  as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and

18  documents and show that there is a genuine issue of material fact for trial.  If you do not submit

19  your own evidence in opposition, summary judgment, if appropriate, may be entered against you.

20  If summary judgment is granted, your case will be dismissed and there will be no trial.  Rand v.

21  Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

22  Plaintiff also is advised that a motion to dismiss for failure to exhaust available

23  administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without

24  prejudice.  You must "develop a record" and present it in your opposition in order to dispute any

25  "factual record" presented by defendants in their motion to dismiss.  Wyatt v. Terhune, 315 F.3d

26  1108, 1120 n.14 (9th Cir. 2003).

27  (The Rand and Wyatt notices above do not excuse defendants' obligation to serve said

28  notices again concurrently with motions to dismiss for failure to exhaust available administrative

4

remedies and motions for summary judgment.  Woods, 684 F.3d at 939).

5. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel.  The Court may disregard any document which a party files but fails to send a copy of to his opponent.  Until a defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

9. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED**.

Dated: May 24, 2013

_____
JON S. TIGAR
United States District Judge